QUESTION: May a city utilize its city engineer, employed under a yearly contract with stated fees for specified services, for all engineering services, including those in excess of $5,000, without complying with the Consultants' Competitive Negotiation Act, s.287.055, F.S.?
SUMMARY: A city may employ a city engineer under a yearly contract to provide general advice and assistance without complying with the Consultants' Competitive Negotiation Act, s. 287.055, F.S. However, a particular engineering project must be publicly announced, notices sent to interested engineering firms, and, if the compensation for the engineering services is more than $5,000, at least three engineering firms must be considered before finally negotiating an engineering contract for the project, as required by the act. The Consultants' Competitive Negotiation Act (the "CCNA" hereafter) was adopted in 1973 for the purpose of promoting competition among firms supplying professional architectural, engineering, and land surveying services to public agencies. Attorney General Opinion 074-191. Except in an emergency, the agency is required to make a public announcement on "each occasion" when professional services are required to be "purchased" and, in addition, to mail the announcement to each "certified" firm which has requested notification of the need for the services. The announcement must include a general description of the "project" and indicate how interested consultants may apply for consideration. Section 287.055(3), F.S. If the compensation for the professional services in question will exceed $5,000, the public agency is required to consider at least three firms in the light of various "factors" listed in the statute "with the object of effecting an equitable distribution of contracts among qualified firms," s. 287.055(4), id.; and, under s. 287.055(5), the agency is required to "negotiate a contract with the most qualified firm for professional services at compensation which the agency determines is fair, competitive, and reasonable. . . ." I see no reason why a city could not employ a so-called city engineer under a yearly contract for general consultation and advice to supplement the city's own staff, including attendance at meetings of the city council and other assistance of a general nature. And it seems clear that the requirements of the CCNA would not have to be complied with each time the city called upon the city engineer for general advice or assistance pursuant to the contract of employment. (The contract of employment, itself, would not appear to be a "project" that should be negotiated under the CCNA.) However, such an employment contract should be limited to general advice and assistance; and an engineering contract for a particular project should be negotiated in compliance with the CCNA requirements by making a public announcement, sending notice to interested certified firms, and, if the compensation will exceed $5,000, selecting at least three engineering firms for consideration before negotiating an engineering contract with the most qualified firm at a fair, competitive, and reasonable compensation. Any other construction of the statute would be contrary to the purpose and intent of the CCNA to promote competition among engineering firms for the city's engineering business and effect an "equitable distribution" of engineering contracts among qualified firms.